## MRS. OSBORN CO. v. SHUBERT.

(Supreme Court, Appellate Term.   December 11, 1906.)

SALES—ACTION FOR PRICE—SUFFICIENCY OF COMPLAINT.

A complaint alleging that plaintiff manufactured for defendants certain gowns at an agreed price, to be used in a musical production owned by defendants, that the gowns were delivered to them, that afterwards plaintiff made alterations upon the gowns for defendants at an agreed price, and that they were used in the production, contains sufficient averments of a request by the defendants for the manufacture of the goods and of a promise to pay therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 995.]

Appeal from City Court of New York, Special Term.

Action by the Mrs. Osborn Company against Lee Shubert, individually and as executor.   From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals.   Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Henry Bogert Clark, for appellant.
William Klein, for respondent.

DAVIS, J.   This is an appeal by the plaintiff from an interlocutory judgment of the City Court sustaining a demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.   The learned justice, in sustaining the demurrer, stated that the complaint failed to allege that the goods were manufactured at the request of the defendants and that he promised to pay therefor. The action was brought to recover the sum of $1,717 for the manufacture of certain gowns and for alterations made thereon.   Among other allegations, the complaint sets forth that the plaintiff manufactured for the defendants Lee Shubert and Sam S. Shubert certain gowns at the agreed price and reasonable value of $1,635, to be used in the musical comedy or opera known as "Lady Teasle"; that the defendants Lee Shubert and Sam S. Shubert were the owners and proprietors of the production of this musical comedy; that these gowns were duly delivered to the defendant and said Sam S. Shubert; that thereafter the plaintiff made alterations upon the said gowns for said Lee Shubert and Sam S. Shubert at the agreed price and reasonable value of $82; and that the said musical comedy was produced by said Lee Shubert and Sam S. Shubert, and that these gowns were used therein.   We think these allegations are sufficient averments of a request by the Shuberts to manufacture the goods and of a promise to pay therefor.

The interlocutory judgment sustaining the demurrer to the complaint should be reversed, with costs; the defendant to have leave to answer within six days upon payment of said costs.   All concur.